UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ KOHLI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　　Defendant. | Case No. 25-cv-00432-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 5 |

Before the Court is a motion to dismiss brought by Defendant City and County of San Francisco ("the City" or "CCSF"). ECF No. 5. The Court will grant the motion.

## I.  BACKGROUND

On August 4, 2023, Plaintiff Raj Kohli, a former employee of the City, filed a complaint with the California Civil Rights Department alleging harassment and discrimination "because of complainant's medical condition (cancer or genetic characteristic), age (40 and over), [and] disability (physical, intellectual/developmental, mental health/psychiatric)," and that he was terminated due to both discrimination and retaliation "because complainant reported or resisted any form of discrimination or harassment." ECF No. 1 at 22. His right-to-sue notice was dated the same day. *Id.* at 21.

He filed his original complaint against the City in state court on August 15, 2023, and a first amended complaint two days later. These complaints asserted claims under state law for age and race discrimination, failure to prevent harassment, and hostile work environment. *Id.* at 7–9, 15–17. The first amended complaint alleges that Kohli was terminated on October 27, 2022, and that "[t]he sole reasons for Plaintiff's discharge were his age and south Asian ancestry." *Id.* at 16. The City answered the first amended complaint, and the case was set for trial on February 3, 2025.

*Id.* at 32–37, 58.

On November 6, 2024, Kohli filed a motion for leave to file a second amended complaint "to allow for the inclusion of newly discovered facts that are central to the plaintiff's claims." *Id.* at 61. The state court granted the motion over the City's objection on December 17, 2024, *id.* at 150–51, and Kohli filed the operative second amended complaint that same day, *id.* at 160–64.

In that complaint, Kohli alleges the following: He "requested a medical accommodation due to permanent nerve damage and the loss of all ten toes," and "his manager, Ms. Massanda Djohns, repeatedly questioned his ability to work in the office despite a doctor's recommendation for permanent remote work." *Id.* at 160. He also told Djohns "of his need for another foot surgery and his sleep disorders, including sleep apnea." *Id.* at 161. A colleague, Amanda Sobrepena, reported that Kohli's "eyes closed during a video meeting, which he attributed to the side effects of pain medication." *Id.*

"Approximately one month" after he requested an accommodation, Sobrepena, "who had a close relationship with Mr. De La Rosa, began verbally harassing Mr. Kohli, creating a hostile work environment. Despite Mr. Kohli's complaints to Ms. Djohns and Mr. Carlos Benitez, the CCSF HR Manager, and documentation of Ms. Sobrepena's behavior, no disciplinary action was taken." *Id.*

Kohli was terminated from his position by "his manager," Mark De La Rosa, on October 27, 2022. *Id.* at 160. De La Rosa did not "provid[e] any reasons for the termination," though Kohli believes it was retaliatory because his September 7, 2022 discrimination claim against De La Rosa "was still pending at the time. Furthermore, Mr. De La Rosa failed to adhere to CCSF's internal policies, such as conducting interim performance evaluations and providing a corrective action plan for any perceived issues." *Id.* After Kohli's termination, Benitez "refused to reimburse a $30 business expense incurred by Mr. Kohli, an expense that Ms. Djohns had approved and included Mr. Kohli's proof of payment, disregarding California labor laws and further contributing to the hostile work environment he experienced." *Id.* at 161.

Kohli's second amended complaint asserts four claims for relief based on these allegations: failure to prevent harassment, hostile work environment, discrimination in the form of failure to

2

1  accommodate a medical condition, and retaliation. The first three are asserted under California
2  law, while the fourth is asserted under Title VII of the Civil Rights Act of 1964—the first time
3  Kohli has asserted a claim under federal law. The City removed the case on January 13, 2025,
4  ECF No. 1, and now moves to dismiss, ECF No. 5

## II.     JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Dismissal under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Dismissal for failure to state a claim should be with leave to amend, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## IV.     DISCUSSION

### A.      Discrimination and hostile work environment

#### 1.      Timeliness

The City argues that Kohli's discrimination and hostile work environment claims should be dismissed as untimely. As Kohli's right-to-sue notice indicated, any civil action "must be filed

3

within one year from the date of this letter." ECF No. 1 at 21; *see also* Cal. Gov't Code § 12965(c)(1)(C). Kohli does not dispute that he failed to bring these claims within one year of August 4, 2023, the date his right-to-sue letter is dated, and instead makes three arguments, none of which is persuasive.

First, citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002), and *Green v. Brennan*, 578 U.S. 547, 554–55 (2016), Kohli argues that he has "alleged a pattern of ongoing harassment, which constitutes a continuing violation under federal law," ECF No. 8 at 5, and "a continuing failure to accommodate his disability, which constitutes an ongoing violation under federal law," *id.* at 6. But these cases are inapposite here, where the question is whether the complaint is timely in relation to receipt of a right-to-sue letter, not whether they are timely under governing statutes.

Second, Kohli argues that "the City's argument overlooks whether the right-to-sue notice was clear and properly communicated to Plaintiff. Procedural ambiguities in the issuance of the notice or other equitable considerations may warrant tolling, making dismissal inappropriate at this stage." *Id.* at 5. Kohli cites no authorities for these propositions, nor does he explain why the right-to-sue notice was not clear or properly communicated. The Court's review of the letter indicates no facial ambiguities regarding the deadline to file a complaint. Nor can Kohli claim that he did not receive timely notice of his right to sue. To the contrary, his attorney attached the letter to the first amended complaint, which was filed on August 17, 2023, and the complaint specifically alleged that Kohli "duly filed a complaint with the California Civil Rights Department, and on August 4, 2023, Plaintiff received a 'right to sue' letter from said agency." ECF No. 1 at 15, 16, 21. Kohli's complaint to the California Civil Rights Department also clearly alleges harassment and discrimination based on both medical condition and disability, as well as retaliation "because complainant reported or resisted any form of discrimination or harassment and as a result was terminated." *Id.* at 22. Kohli's arguments regarding lack of clarity or communication are not persuasive.

Third, Kohli argues that his disability discrimination claims relate back to his original complaint under Rule 15(c) of the Federal Rules of Civil Procedure because his "claims of

4

disability discrimination stem from the same adverse employment actions alleged in his original complaint, including the same supervisors, timeline, and workplace environment." ECF No. 8 at 6. Relation back is appropriate if claims "'share a common core of operative facts' such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (quoting *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989)). In this case, Kohli does not dispute that neither his original complaint nor his first amended complaint contained any allegations concerning disability. Nor does he dispute that to prevail on his disability-based claims—as opposed to the age- and race-based claims contained in his first amended complaint—he will need to introduce different evidence, including that he is disabled, that the City knew of his disability, and that the City's alleged actions were based on disability. The claims in the second amended complaint are based on "a new legal theory depending on different facts, not a new legal theory depending on the same facts," and therefore "do[] not relate back under Rule 15(c)." *Id.*

For all of the above reasons, the Court concludes that Kohli's disability discrimination and hostile work environment claims must be dismissed because they are time-barred.

## 2. Failure to accommodate

Kohli styled his failure to accommodate claim as a claim for disability discrimination, which is time-barred for the reasons discussed above. In addition, Kohli failed to respond to the City's arguments—thereby conceding them—that a separate failure to accommodate claim under California Government Code Section 12940(m) would either be time-barred or unexhausted, and that he cannot state a claim under California Labor Code Section 132a, which is the statute he cites in the complaint, ECF No. 1 at 163.[1] *Tovar v. City of San Jose*, No. 5:21-cv-02497-EJD, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28, 2021) ("By failing to respond to the City's arguments, Plaintiffs have conceded those arguments and have acknowledged that their . . . claims should be dismissed on those grounds.").

---

[1] Section 132a concerns "discrimination against workers who are injured in the course and scope of their employment" and claims for worker's compensation, Cal. Labor Code § 132a—neither of which is alleged in the complaint.

### B. Failure to prevent harassment

Kohli does not dispute that his failure to prevent harassment claim fails if his underlying harassment claim, which he styled as a hostile work environment claim, fails. Because the Court dismisses the harassment claim as untimely, it also dismisses his failure to prevent harassment claim. *See Knighten v. Omni Hotel*, No. C 12-2296 CW, 2013 WL 4608192, at *8 (N.D. Cal. Aug. 28, 2013) ("California courts have made clear that [a failure to prevent] claim 'is viable only if the defendant engaged in actionable discrimination.' Thus, because Omni is entitled to summary judgment on Plaintiff's underlying claims for discrimination and harassment, it is also entitled to summary judgment on her claim for failure to prevent harassment." (citation omitted)). In addition, Kohli failed to respond to the City's arguments that his failure to prevent claim must be dismissed for the independent reason that he did not exhaust administrative remedies as to such a claim. *See Robinson v. HD Supply, Inc.*, No. 2:12-cv-00604-GEB-CKD, 2012 WL 12884427, at *5 (E.D. Cal. July 3, 2012) ("Since Robinson did not allege in his administrative complaint that HD Supply failed to prevent discrimination, and since Robinson has not demonstrated that he has exhausted his administrative remedies applicable to this claim, this claim is dismissed.").

### C. Title VII

Finally, Kohli brings a Title VII retaliation claim, alleging that he was terminated "six weeks after filing a discrimination claim against Mark De La Rosa." ECF No. 1 at 164. Kohli's opposition states that he "alleges he engaged in protected activity by opposing discriminatory practices based on his physical disability and medical conditions, which are covered under Title VII and the Americans with Disabilities Act (ADA)." ECF No. 8 at 6. However, Title VII prohibits conduct based on "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), and the Court cannot infer from the allegations in the complaint—which concern only disability—that any of these protected characteristics formed the basis for Kohli's discrimination claim against De La Rosa. While the ADA does concern disability, Kohli has not asserted a claim under the ADA. Accordingly, the Court dismisses Kohli's Title VII retaliation claim. Because it is not clear that Kohli cannot allege a sufficient factual basis if given leave to amend, the Court grants such leave.

**CONCLUSION**

The City's motion to dismiss is granted in its entirety. Dismissal of the state law claims is without leave to amend because Kohli cannot cure his lack of timeliness in bringing the claims more than one year after he received his right-to-sue notice. Dismissal of his Title VII claim is with leave to amend. Kohli may file an amended complaint, solely to attempt to cure the deficiencies of his Title VII retaliation claim, within 21 days of the date of this order. Failure to file a timely amended complaint will result in dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Dated: July 8, 2025

JON S. TIGAR
United States District Judge