United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ KOHLI,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 25-cv-00432-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 26 |

Before the Court is a motion to dismiss brought by Defendant City and County of San Francisco ("the City"). ECF No. 26. The Court will grant the motion.

## I. BACKGROUND

Plaintiff Raj Kohli, a former employee of the City, sued the City in state court for employment discrimination. The City removed the case to this Court after Kohli filed his second amended complaint, which alleged a federal claim for the first time. The Court granted the City's motion to dismiss Kohli's state law claims for failure to prevent harassment, hostile work environment, and discrimination in the form of failure to accommodate a medical condition. ECF No. 21 at 3–6. The Court did not grant leave to amend those claims "because Kohli cannot cure his lack of timeliness in bringing the claims more than one year after he received his right-to-sue notice." *Id.* at 7.

The Court also dismissed Kohli's Title VII retaliation claim, but with leave to amend:

> Finally, Kohli brings a Title VII retaliation claim, alleging that he was terminated "six weeks after filing a discrimination claim against Mark De La Rosa." ECF No. 1 at 164. Kohli's opposition states that he "alleges he engaged in protected activity by opposing discriminatory practices based on his physical disability and medical conditions, which are covered under Title VII and the Americans

> with Disabilities Act (ADA)." ECF No. 8 at 6. However, Title VII prohibits conduct based on "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), and the Court cannot infer from the allegations in the complaint—which concern only disability—that any of these protected characteristics formed the basis for Kohli's discrimination claim against De La Rosa. While the ADA does concern disability, Kohli has not asserted a claim under the ADA. Accordingly, the Court dismisses Kohli's Title VII retaliation claim. Because it is not clear that Kohli cannot allege a sufficient factual basis if given leave to amend, the Court grants such leave.

*Id.* at 6.

Kohli timely filed a third amended complaint asserting only a Title VII retaliation claim, ECF No. 23,[1] which the City now moves to dismiss, ECF No. 26. He alleges that he was terminated approximately six weeks after filing an "internal complaint against the Head of Audit, Mr. De La Rosa, [which] constituted protected activity under Title VII." ECF No. 23 ¶¶ 28–29. He further alleges that this "formal internal complaint . . . alleg[ed] discrimination and harassment. This complaint was shared with Ben Rosenfield, the City Controller, who stated in an email to Carlos Benitz that this was a claim of discrimination. Carlos Benitez assured Plaintiff there would be no retaliation and that all claims would be investigated." *Id.* ¶ 12. Kohli alleges that he "is of South Asian descent," *id.* ¶ 6, but he does not allege any discrimination based on that characteristic. Nor, critically, does he allege that the internal complaint that forms the basis for his retaliation claim was based on race or national origin.

Citing *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988), Kohli argues that a plaintiff "need not explicitly cite statutory language as long as the conduct reasonably falls within Title VII protection." ECF No. 30 at 3. However, that case is unhelpful to Kohli because the court held that "the opposed conduct *must fairly fall within the protection of Title VII* to sustain a claim of unlawful retaliation." *Learned*, 860 F.2d at 932 (emphasis added). The court upheld the district court's grant of summary judgment to the City of Bellevue on Learned's Title VII claims, explaining that:

> Learned did not allege that he ever opposed any discrimination based upon race, color, religion, sex, or national origin. Any retaliation in this case related to Learned's having filed a claim for

---

[1] Kohli titled this complaint as the first amended complaint, but he had already filed two amended complaints in state court. Thus, the operative complaint is the third amended complaint.

2

> "excess damages" under state industrial insurance laws and Learned's opposition to what he believed was discrimination based upon physical and mental limitations only. Learned could not reasonably have believed that Bellevue discriminated against him in violation of Title VII, and therefore, he cannot claim that he was retaliated against for opposing discrimination prohibited by Title VII. . . .
>
> The mere fact that an employee is participating in an investigation or proceeding involving charges of some sort of discrimination . . . does not automatically trigger the protection afforded under [Title VII]; the underlying discrimination must be reasonably perceived as discrimination prohibited by Title VII."

*Id.*

Similarly, in this case, Kohli's allegations reference potential discrimination based on disability, medical condition, or age—none of which falls within Title VII's protections. *E.g.*, ECF No. 23 ¶¶ 7–10, 16, 19–21. For example, Kohli relies on paragraph 16 of the complaint, which alleges that his "[s]upervisor commented Plaintiff was 'too slow.'" ECF No. 30 at 4 (citing ECF No. 23 ¶ 16). But that paragraph alleges that the comment was "ageist" and was made "due to [Kohli's] being the oldest employee on the team."[2] ECF No. 23 ¶ 16. Paragraph 16 also alleges "that Amanda made comments mocking [Kohli's] medical condition—such as noting he 'fell asleep in a meeting,'" and that Kohli "had reported his condition of sleep apnea to his manager." *Id.* But nothing in the cited paragraph, or anywhere else in the complaint, suggests that any of the alleged conduct was based on Kohli's being of South Asian descent or on any other characteristic protected under Title VII. Accordingly, Kohli's third amended complaint still fails to allege a basis for a Title VII retaliation claim.

The Court previously identified this specific deficiency in Kohli's complaint, and Kohli failed to cure it with leave to amend. Although he again requests leave to amend, he presents no additional facts he might allege if such leave were granted. For example, he never argues that his September 2022 internal complaint was based on race or any other characteristic protected under Title VII.

A plaintiff's failure to correct identified deficiencies after having been given leave to

---

[2] The paragraph also alleges that the statements were made by Amanda, who is elsewhere alleged to be a coworker and not a supervisor. ECF No. 23 ¶¶ 9, 16.

amend "is a strong indication that [they] have no additional facts to plead" and suggests that the plaintiff "had made their best case and had been found wanting." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation modified). Because Kohli has already had an opportunity to cure his Title VII retaliation claim and has failed to do so, the Court exercises its "particularly broad" discretion and denies further leave to amend. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir.1996)).

## CONCLUSION

For the above reasons, the City's motion to dismiss is granted without leave to amend. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 6, 2025



_____
JON S. TIGAR
United States District Judge